# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1571V
Filed: November 1, 2023
UNPUBLISHED

| | |
|---|---|
| GWENADA MALCOLM,<br><br>　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　Respondent. | Special Master Horner |

*Maximillian J. Muller, Muller Brazil, LLP, Dresher, PA,* for petitioner.
*Catherine Elizabeth Stolar, U.S. Department of Justice, Washington, DC,* for respondent.

## **DECISION AWARDING DAMAGES**[1]

On October 19, 2019, Gwenada Malcolm, petitioner, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") resulting from an influenza ("flu") vaccine she received on December 5, 2017. (ECF No. 1)

On April 6, 2021, a ruling on entitlement was issued, finding petitioner entitled to compensation for her SIRVA. On November 1, 2023, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded a total of $407,310.00, including $150,000.00 for pain and suffering, $380.00 for past unreimbursable expenses, and $256,930.00 for lost wages. (ECF No. 96.) In the Proffer, respondent represented that petitioner agrees with the proffered award. *Id.*

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the document will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.

Based on the record as a whole, I find that petitioner is entitled to an award as stated in the Proffer.

      Pursuant to the terms stated in the attached Proffer, **I award petitioner a lump sum payment of $407,310.00, representing $150,000.00 for pain and suffering, $380.00 for past unreimbursable expenses, and $256,930.00 for lost wages in the form of a check payable to petitioner.**  This amount represents compensation for all damages that would be available under § 15(a).

      The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                      **s/Daniel T. Horner**
                                      Daniel T. Horner
                                      Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| GWENADA MALCOLM, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 19-1571V |
| v. ) | Special Master Horner |
| ) | ECF |
| SECRETARY OF HEALTH AND ) | |
| HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On October 9, 2019, Gwenada Malcolm ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of an influenza vaccine she received on December 5, 2017.  Petition at 1.  On April 5, 2021, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury, and on April 6, 2021, the Court issued a Ruling on Entitlement finding petitioner entitled to compensation.  ECF No. 45; ECF No. 46.

**I.** **Items of Compensation**

    A. <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded **$150,000.00** in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

B. <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of **$380.00**.  *See* 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

C. <u>Lost Wages</u>

Evidence supplied by petitioner documents that she incurred past and future lost wages as a result of her vaccine-related injury.  Respondent proffers that petitioner should be awarded lost wages in the amount of **$256,930.00**.  *See* 42 U.S.C. § 300aa-15(a)(3)(A).  Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II. Form of the Award

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.  Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Special Master's decision and the Court's judgment award the following[1]:  a lump sum payment of **$407,310.00**, in the form of a check payable to petitioner.

## III. Summary of Recommended Payments Following Judgment

Lump sum payable to petitioner, Gwenada Malcolm: **$407,310.00**

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

2

        C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

DARRYL R. WISHARD
Assistant Director
Torts Branch, Civil Division

<u>/s/ *Catherine E. Stolar*</u>
CATHERINE E. STOLAR
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel.: (202) 353-3299
Fax: (202) 616-4310
Email: catherine.stolar@usdoj.gov

DATED:  November 1, 2023